**E-FILED on** 8/17/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JULIAN GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. C-09-01776  RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 15, 17]** |

Plaintiff Julian Gonzales brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain review of the Commissioner of Social Security's final decision denying his claim for disability insurance benefits and Supplemental Security Income under the Social Security Act. Plaintiff seeks an order remanding the case to the Commissioner with instructions to pay benefits or alternatively, with instructions for further administrative proceedings.  Presently before the court are the parties' cross-motions for summary judgment.  Pursuant to this court's procedural order for review of social security actions, the motions have been submitted for decision without oral argument.  Having considered the parties' papers and the administrative record, the court grants plaintiff's motion to remand and denies the Commissioner's motion.

The ALJ based his determination that plaintiff was not disabled in part on evidence that is not part of the administrative record.  Specifically, the ALJ placed heavy reliance upon a January 28,

1  2003 examination and report by Dr. Acevedo.  The Commissioner concedes that Dr. Acevedo's
2  report is not part of the administrative record.  Defendant's Motion at 3.  The Commissioner
3  suggests, however, that the report was not relevant to the applicable time period, after plaintiff
4  turned 18.  *Id.* at 6.  The Commissioner offers no explanation, however, why it would not be error
5  for the ALJ to have placed such heavy reliance on evidence that was not relevant to the disability
6  determination, and thus, the Commissioner's argument is not persuasive.

7  The administrative law judge is required to base the decision on the evidence offered at the
8  hearing or otherwise included in the record.  20 C.F.R. § 404.953.  The Commissioner cannot base
9  his decision on evidence that is outside the record.  *Yang v. Shalala*, 22 F.3d 213 (9th Cir. 1994);
10 *Day v. Weinberger*, 522 F.2d 1154 (9th Cir. 1975).

11 It is unclear whether Dr. Acevedo actually examined plaintiff and for some unexplained
12 reason his report did not make it into the administrative record.  It is equally possible, however, that
13 Dr. Acevedo never examined plaintiff and that the examination was of another social security
14 claimant.  What is undeniable, however, is that the report played a heavy role in the ALJ's
15 determination that plaintiff is not disabled and that the report is not part of the evidentiary record.
16 Accordingly, it is appropriate to remand for further administrative proceedings.

17 The decision of the Commissioner is reversed and this case is remanded for further
18 administrative proceedings consistent herewith.  On remand, the ALJ shall not consider any
19 evidence outside of the administrative record and shall reconsider his opinion in light of only the
20 evidence in the record.  The ALJ may, however, open the record to admit additional relevant
21 evidence and may conduct further hearing.

22 While remand is required, however, the court is not persuaded that it is appropriate to require
23 that the further proceedings be conducted before a different ALJ, and plaintiff's request to this effect,
24 raised in his reply brief, is denied.

DATED: 8/17/10

RONALD M. WHYTE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT—No. C-09-01776  RMW
TER                                                            2